United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF HIDETO TOMABECHI,<br><br>Applicant. | Case No. 19-mc-80197-JSC<br><br>**ORDER RE: EX PARTE APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicant Hideto Tomabechi filed an ex parte application to take discovery pursuant to 28 U.S.C. § 1782. (Dkt. No. 1.)[1] Mr. Tomabechi seeks an order granting him permission to issue a subpoena to non-party Google, LLC to obtain "documents and information" for use in an anticipated defamation lawsuit in Japan. (*Id.* at 2.) Upon consideration of Mr. Tomabechi's application and the relevant legal authority, the Court GRANTS the application.

## BACKGROUND[2]

Mr. Tomabechi is a Japanese citizen and Tokyo resident who was appointed head of the Japanese branch of a centuries-old "Roman Catholic dynastic knighthood" (the "organization") in January 2019. (Dkt. No. 2 at ¶¶ 4-6.) In November and December 2018, "an anonymous individual perpetrating [sic] an attorney named Dr. Kiyoshi Mihori emailed the Grand Chancellor" of the organization, stating disparaging and false information about Mr. Tomabechi that the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Mr. Tomabechi submits the declaration of Takashi Wakita, "an attorney duly licensed to practice law in Japan," in support of the instant application. (*See* Dkt. No. 2.) Mr. Wakita's declaration includes as exhibits the Japanese-language emails at issue in the anticipated litigation. (*See* Dkt. No. 2, Ex. A at 10-11, Ex. B at 13-15.) Mr. Tomabechi also submits the declaration of Marianne Mu, legal assistant to Mr. Tomabechi's United States-based attorney; Ms. Mu translated the subject emails from Japanese to English and provides those translations as exhibits to her declaration. (*See* Dkt. No. 3, Ex. A-1 at 4-6, Ex. B-1 at 8-9.) The Background section is taken from those declarations and accompanying exhibits.

individual asserted would make Mr. Tomabechi unfit for his position. (*Id.* at ¶¶ 7-8.) The statements include:

> [Mr. Tomabechi's] Father in Law and friend . . . is Shoko Asahara[,] leader of the Aum Cult who in March 20, 1995 carried out a terrorist attack at a Tokyo Subway station with Sarin gas and killed 27 people and injured thousands of others.
>
> [Mr.] Tomabechi married Shoko Asahara's eldest daughter, whose name was changed so as not to be identified as Shoko Asahara's daughter.
>
> [Mr. Tomabechi's] secretary . . . was on a TV program and made fun of the [organization] . . . and [misused] photos of Dama Yoko Abe (Mother of Prime Minister Abe).
>
> There is an incidence of rape [involving Mr. Tomabechi] in the USA.

(*Id.* at ¶¶ 9(1)-(3), 12(2).)

The emails were sent from a Google email account ("gmail account") identified as ossml.japan@gmail.com. (*Id.* at ¶ 8; *see also* Dkt. No. 3, Ex. A-1 at 4, Ex. B-1 at 8.) Mr. Tomabechi hired legal counsel in Japan after the first email in November 2018, "to defend his name and prove to the Grand Chancellor that the allegations were false." (Dkt. No. 2 at ¶ 10.) His attorney located Dr. Kiyoshi Mihori, who "declared that he did not write the defamatory [email] to the Grand Chancellor." (*Id.* at ¶ 11.) Mr. Tomabechi now seeks to "determine the true identity of the unknown person" behind the anonymous gmail account. (*Id.*)

Mr. Tomabechi's Japanese counsel attests that the subject emails "constitute[ ] defamation and harassment" as well "unlawful business interference" under Japanese law. (*Id.* at ¶ 13.) Thus, Mr. Tomabechi "intend[s] to bring a lawsuit in Japan against the person(s) associated with the Google account of the unknown defendant as soon as the person(s) identity [is] ascertained through the discovery . . . sought in this application." (*Id.* at ¶ 14.) Mr. Tomabechi's Japanese counsel is "not aware of any restrictions imposed by or any policies under Japanese law limiting" the requested discovery. (*Id.* at ¶ 19.) The proposed subpoena seeks the following:

> 1. ALL DOCUMENTS showing the login histories of [the subject gmail account] from June 1, 2019 to the present, including dates, times, IP addresses, and access type for each login.
>
> 2. ALL DOCUMENTS identifying the users of [the subject gmail

2

|   |   |
|---|---|
| 1 | account] from June 1, 2019 to the present, including all names, addresses, e-mail addresses (including email corresponding with gmail account, email address for recovery or alternate purpose), telephone numbers. |
| 2 | |
| 3 | (Dkt. No. 4 at 6-7.) |

**LEGAL STANDARD**

The purpose of Section 1782 is "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). Thus, Section 1782 requires that: (1) the person from whom discovery is sought resides or is found in the district of the district court where the application is filed; (2) the requested discovery is for "use in a foreign or international tribunal"; and (3) the request is made "by a foreign or international tribunal or . . . any interested person." *Id.* To apply for discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *See Intel*, 542 U.S. at 258-59. Instead, it is sufficient if such proceedings are "within reasonable contemplation." *Id.* at 259 (finding discovery proper under Section 1782 even though applicant's complaint was still in investigative stage).

District courts retain wide discretion to grant discovery under Section 1782. *Id.* at 260-61. In exercising that discretion, courts consider the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65. "A district court's discretion is to be exercised in view of the twin

aims of [Section] 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts." *In re Request for Int'l Judicial Assistance from the Nat'l Ct. Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) (citing *Schmitz v. Bernstein Libehard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004)).

## DISCUSSION

In considering a Section 1782 application, courts must "first determine whether Section 1782's three statutory requirements are satisfied," and next consider whether the discretionary factors set forth in *Intel* "support issuing a subpoena." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1035 (N.D. Cal. 2016).

### A. Statutory Requirements

Mr. Tomabechi's application meets the minimum statutory requirements of Section 1782. First, Google is headquartered in Mountain View, California, which is in this district. Second, the requested discovery is intended for use in a defamation lawsuit that Mr. Tombabechi intends to bring in Japan, which is a proceeding before a foreign tribunal that is "within reasonable contemplation." *See Intel Corp.*, 542 U.S. at 259. Third, as a prospective litigant, Mr. Tomabechi is "an interested person" for purposes of Section 1782. *See Akebia v. Therapeutics v. Fibrogen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (noting that "interested person[s]" under Section 1782 include "litigants before foreign or international tribunals," as well as any person with "a reasonable interest in obtaining judicial assistance") (internal quotation marks and citation omitted) (alteration in original). It also bears noting that Mr. Tomabechi's ex parte application is an acceptable method of requesting discovery under Section 1782. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976).

### B. *Intel* Factors

The Court finds good cause to exercise its discretion to authorize the requested discovery. *See Intel*, 542 U.S. at 260-61. First, Google will not be "a participant in the [anticipated] foreign proceeding." *See id.* at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States,

4

may be unobtainable absent [Section] 1782(a) aid"). Thus, the need for judicial assistance under Section 1782 is apparent. Second, the discovery sought—information regarding the gmail account of the unknown defendant, from which that individual sent the allegedly defamatory messages—is relevant and indeed critical to the anticipated lawsuit. Further, there is nothing to suggest that a Japanese court would not be receptive to the "U.S. federal-court judicial assistance" Mr. Tomabechi seeks. *See id.*; *see also In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348, at \*4 (N.D. Cal. July 25, 2019) ("Case law suggests that Japanese courts are generally receptive to discovery taken in the United States pursuant to [S]ection 1782) (citing *In re Letters Rogatory*, 539 F.2d at 1219; *In re Med. Corp. H&S*, No. 19-MC-80107-SVK, 2019 WL 2299953, at \*3 (N.D. Cal. May 30, 2019)). Third, and similarly, the request does not appear to "conceal an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States." *See Intel*, 542 U.S. at 264-65. Finally, the discovery sought does not appear unduly burdensome or intrusive; it is instead appropriately tailored to obtain the identity of the individual who wrote the allegedly defamatory statements.

If Google disagrees with the subpoena or its scope, then it can file a motion to quash or narrow the subpoena and the Court can address any such concerns at that time. *See In re Letters Rogatory*, 539 F.2d at 1219 (noting that a subpoenaed party can "raise[ ] objections and exercise[ ] their due process rights by motions to quash the subpoena").

**CONCLUSION**

For the reasons stated above, the Court GRANTS Mr. Tomabechi's application with the following conditions:

1. Mr. Tomabechi may only use the information obtained for the sole purpose of the anticipated litigation in Japan and may not release any identifying information without a court order authorizing its release.

2. Within 7 calendar days after service of the subpoena, Google shall notify the account holder that his or her identity is sought by Mr. Tomabechi and serve a copy of this Order on the account holder. The account holder may, within 21 days from the date of the notice,

file any motions in this Court contesting the subpoena (including a motion to quash or modify the subpoena). If the account holder contests the subpoena, Google must preserve (but not disclose) the information sought by subpoena pending this Court's resolution of any motion to quash.

3. The date of production for the subpoena shall be set no earlier than 30 days from the date of this Order to allow Google to contest the subpoena if it has a good faith basis for doing so. Should Google file a motion to quash, this action shall automatically be reopened.

**IT IS SO ORDERED.**

Dated: August 19, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge